United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JUAN DANIEL ELIZONDO REYNA,** | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **1:26-cv-914** |
| | § | |
| **WARDEN OF PORT ISABEL DETENTION FACILITY**, *et al.*, | § | |
| Respondents. | § | |

**NOTICE & ORDER**

Before the Court is Petitioner Juan Daniel Elizondo Reyna's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("§ 2241 Petition"[1]). Dkt. No. 1. As discussed below, Elizondo Reyna's § 2241 Petition is deficient as filed; it does not list a proper respondent. *See generally id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Southern District of Texas applies the immediate custodian rule to habeas petitions involving immigration detainees. *Alexis v. Sessions*, No. H-18-1923 2018, WL 5921017 at *4 (S.D. Tex. 2018) (Rosenthal, J.) (dismissing "claims against Sessions, Nielsen, Homan, Contreras, and Hartnett" because they were remote supervisory officials, not the petitioner's custodian). The Court, then,

[1] Information obtained from Elizondo Reyna's § 2241 Petition. *See* Dkt. No. 1. Elizondo Reyna's A-number is "A-223008078". *Id.* at 1. Elizondo Reyna does not list his country of origin.

notes that the proper respondent is the custodial officer of the facility where Elizondo Reyna is detained. *See Rumsfeld*, 542 U.S. at 435.

Here, Elizondo Reyna does not list a respondent. Dkt. No. 1 at 1. However, Elizondo Reyna states that he is being detained at "El Valle Detention Center" at "1800 indusTriAL dr Raymonville, TX 78580".[2] *Id.* (errors in original). Elizondo Reyna's custodian would appear to be the warden of that facility. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining...the custody of the prisoner."); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.) (dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian"); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner).

The Court has reviewed the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026). The Court views the Fifth Circuit's opinion as precluding claims based on the application of 8 U.S.C. §§ 1225 and 1226. The Court further views the Supreme Court's decision in *Demore v. Kim*, 538, U.S. 520 (2003) to preclude claims that detention pending removal proceedings without an individualized bond hearing violates the Fifth Amendment Due Process Clause. In his § 2241 Petition, Elizondo Reyna fails to state under which statutory authority he is held during his removal proceedings.

[2] Liberally construed, Elizondo Reyna refers to the El Valle Detention Center immigration detention facility located at 1800 Industrial Drive, Raymondville TX 78580.

Elizondo Reyna is **ORDERED** to file an amended § 2241 Petition that names a proper respondent as discussed above. Further, in his amended § 2241 Petition, Elizondo Reyna shall inform the Court the statute under which he is being detained. Elizondo Reyna shall file his amended § 2241 Petition **no later than 21 days after the receipt of this order.**

Elizondo Reyna is further **NOTIFIED** that if he fails to comply with the Court's Order, his case may be scheduled for dismissal. FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, F.3d 438, 440 (5th Cir. 2016) (the Court may sua sponte dismiss under Rule 41(b)).

**SO ORDERED.**

**SIGNED** on this **31st** day of **August, 2026,** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**